IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLAN THOMAS GLEASON,

    Plaintiff,

vs.             Case No. 12-4079-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

    Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On January 10, 2011, administrative law judge (ALJ) Michael D. Mance issued his decision (R. at 17-20). Plaintiff alleges that he has been disabled since January 2, 2003 (R. at 17). Plaintiff is insured for disability insurance benefits

through June 30, 2004 (R. at 19).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity from January 2, 2003 through June 30, 2004 (R. at 19).  At step two, the ALJ found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (R. at 19).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20).

**III.  Was the ALJ's finding of no medically determinable impairment supported by substantial evidence in light of the evidence submitted to the Appeals Council?**

At step two, the ALJ considers the medical severity of a claimant's impairment(s).  If the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that has lasted or is expected to last for 12 months, the Commissioner will find the claimant to be not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii); 404.1509.

An impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings.  20 C.F.R. §§ 404.1508, 416.908.  Evidence to establish a medically determinable impairment must come from acceptable medical sources.  20 C.F.R. §§ 404.1513(a), 416.913(a).

The ALJ found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured, June 30, 2004 (R. at 19-20). The court will review the medical evidence on this issue.

On June 12, 2007, Dr. Veloor conducted a consultative examination of the plaintiff (R. at 393-394). It indicated that plaintiff, born in 1950, suffered a closed head injury when he was 4 years old. Since then, he has had tremors and weakness in the left hand (R. at 393). Dr. Veloor observed some tremor in the left arm and hand with activities. He found some mild wasting of the left forearm muscles, and some mild wasting of the left FDI. It appeared more as an intentional tremor. Dr. Veloor stated that plaintiff's primary limitation was left arm tremor and weakness, and he recommended that plaintiff avoid any kind of heavy lifting or gripping activities using his left arm (R. at 394).

On November 15, 2008, Dr. Duncan performed a consultative examination of the plaintiff (R. at 407-409). He noted that plaintiff reported a lifetime history of left hand tremors. On exam, he was noted to have a resting tumor in the left hand, although he did have good Jamar strength testing on the left side. He had the ability to make a full fist. He further found no interossei muscle wasting or dexterity loss (R. at 409).

6

Medical records from 1966 show that plaintiff had a moderately fine tremor of his left hand with a marked coarse end point tremor on intention (R. at 443). Dr. Listerman reviewed the 1966 medical record, and noted that plaintiff has a marked intention tremor at this time. He concluded as follows:

> The only reasonable conclusion in Mr. Gleason's case is that he has an inherited (genetically-caused) intention tremor which has been present on a continuous basis for his entire life and certainly would have been present during the time period between January 2, 2003 and June 30, 2004. Although I am not able to determine the severity of Mr. Gleason's tremor at this time, it undoubtedly would have affected his ability to manipulate objects and probably rendered his left arm and left hand almost useless, as it does now.

(R. at 457).

The medical records from 1966 and the letter from Dr. Listerman were added to the record after the ALJ decision, and prior to the decision of the Appeals Council denying the request for review (R. at 4). The Appeals Council considered this new evidence, but found that the additional information did not provide a basis for changing the ALJ decision (R. at 1-2). The court must consider the qualifying new evidence submitted to the Appeals Council when evaluating the Commissioner's denial of benefits under the substantial evidence standard. <u>Threet v. Barnhart</u>, 353 F.3d 1185, 1191 (10th Cir. 2003); <u>O'Dell v. Shalala</u>, 44 F.3d 855, 859 (10th Cir. 1994). The court will

7

examine both the ALJ's decision and the additional findings of the Appeals Council. This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence. O'Dell, 44 F.3d at 859. The district court's very task is to determine whether the qualifying new evidence upsets the ALJ's disability determination, Martinez v. Astrue, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010), or whether the new evidence submitted to the Appeals Council provides a basis for changing the ALJ's decision. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

The only issue before the court is whether medical evidence establishes the existence of a medically determinable impairment between January 2, 2003 and June 30, 2004. The ALJ stated that the record is "void" of evidence of any medically determinable impairment prior to June 30, 2004 (R. at 20). However, the medical record, as set forth above, clearly establishes that plaintiff had a marked intention left hand tremor in 1966, and still had such a tremor when examined in 2007 and 2008. The record is not "void" of evidence of a medically determinable impairment on or before June 30, 2004. The court finds that substantial evidence clearly establishes that plaintiff had a

medically determinable impairment of a left hand tremor prior to June 30, 2004.  However, the ALJ did not reach the issue of whether the medically determinable impairment was severe, and did not make any findings at steps three, four or five of the sequential evaluation process, and the court will not engage in the task of weighing this evidence in the first instance. Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 25th day of September, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge